IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ADRIAN LEWIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-76 (CDL) |
| | * | 42 U.S.C. § 1983 |
| W.W. ADAMSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
RECOMMENDATION OF DISMISSAL**

On June 29, 2009, Plaintiff, Adrian Lewis, presently an inmate at Muscogee County Prison, Columbus, Georgia, filed the above styled Section 1983 action against the named Defendants. (R-1). He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). (R-2). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In accordance with provisions of the Prison Litigation Reform Act (PLRA), Plaintiff's

custodian is hereby authorized to forward payments of twenty percent (20%) per month of Plaintiff's prison account to the Clerk of Court until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## Plaintiff's Complaint

On January 23, 2009, Plaintiff began serving a sentence of four years, one month, and seven days, at Muscogee County Prison. (R-1). Plaintiff's complaint consists of a list of eighteen deficiencies in the prison's conditions and administration. *Id.* Plaintiff alleges that he utilized the grievance procedure at the prison, but his grievance was denied. *Id.* Plaintiff seeks compensatory damages of $5,000,000, from each defendant, punitive damages in the amount of $7,000,000, from each defendant, and other forms of injunctive relief. *Id.*

## Preliminary Review

Pursuant to 28 U.S.C. § 1915A:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United

States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Discussion

The Eleventh Circuit Court of Appeals has held that "a section 1983 plaintiff must always base his claim on the violation of a specific federal right." *Whiting v. Traylor*, 85 F.3d 581, 586 (11th Cir. 1996). Regarding the constitutional rights of prisoners, the Supreme Court has held, "Admittedly, prisoners do not shed all constitutional rights at the prison gate, but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations and quotations omitted). Here, although Plaintiff has alleged that Defendants committed an "abuse of the Plaintiff[']s Constitutional and Civil Rights," Plaintiff has failed to sufficiently allege a violation of a specific federal right.

Moreover, Plaintiff has no standing to bring the instant claims. The Supreme Court has described standing in the context of an inmate's civil rights action as "a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). *Lewis* held:

> It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm . . . . But the distinction between the two roles would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly. If--to take another example from prison life--a healthy inmate who had suffered no

>   deprivation of needed medical treatment were able to claim violation of his constitutional right to medical care simply on the ground that the prison medical facilities were inadequate, the essential distinction between judge and executive would have disappeared: it would have become the function of the courts to assure adequate medical care in prisons.

*Id*. at 349-50.  In order to demonstrate standing to sue, "the plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.  As long as the injury is 'distinct and palpable' rather than abstract, conjectural, or hypothetical, it is sufficient to confer standing." *Bennett v. Hendrix*, 423 F.3d 1247, 1253 (11th Cir. 2005).  Here, Plaintiff has no standing to bring this suit because he has not claimed any personal harm suffered from the acts of any Defendants.  Plaintiff has not stated that he actually experienced any of the complained of prison conditions.  Furthermore, Plaintiff has no standing to bring these claims on behalf of the other inmates at the same prison.

WHEREFORE, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED as frivolous and for failing to state a claim upon which relief may be granted.  Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO ORDERED AND RECOMMENDED, this 2nd day of July, 2009.

>   S/ G. MALLON FAIRCLOTH
>   UNITED STATES MAGISTRATE JUDGE

lml